UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 3 1 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Joseph Sparrow, Sr., )
)
    Plaintiff, )
)
v. ) Civil Action No. 12 0878
)
Federal Bureau of Prisons *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Institution in Fairton, New Jersey, suing under the Privacy Act, 5 U.S.C. § 552a.[1] Although the complaint is difficult to follow, plaintiff is challenging the accuracy of his presentence investigation report maintained by the Bureau of Prisons ("BOP") and claims that he "is entitled to the remaoval [sic] of asaid [sic] 'false/inaccurate information' used to draw adverse decision toward him . . . ." Compl. at 6 (emphases and brackets omitted). In addition to BOP, plaintiff has named as defendants the United States Probation Office in the Northern District of Ohio and the Clerk's Office of the United States District Court in Akron, Ohio. *See* Compl. Caption. The U.S. Probation Office

---

[1] Plaintiff refers also to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, but his citations are to the Privacy Act. Furthermore, plaintiff has not alleged that he made a FOIA request to an agency and was denied responsive records. Therefore, the only discernable claim arises under the Privacy Act.

and the Clerk's Office are "units of the federal courts and therefore are not subject to the Privacy Act." *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009), *aff'd*, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (per curiam).

Plaintiff has failed to state a claim against BOP because BOP has exempted its Inmate Central Record System containing presentence investigation reports from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)). 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act"); *see Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations omitted). And "[h]aving exempted its records from the substantive provision regarding the agency's recordkeeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping." *Ramirez*, 594 F. Supp.2d at 65; *see Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) ("To the extent that plaintiff is seeking to have his [presentence investigation report] amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the [Privacy Act's] amendment requirements.") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ *[signature]*
United States District Judge

DATE: May 23, 2012